**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4885**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEMUEL LOTT, a/k/a Andrew Anthony Maylor,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (7:12-cr-00077-SGW-1)

_____

Submitted:  July 12, 2013          Decided:  July 18, 2013

_____

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Wayne D. Inge, LAW OFFICE OF WAYNE D. INGE, Roanoke, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Elizabeth G. Wright, Assistant United States Attorney, Harrisonburg, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lemuel Lott appeals from the district court's judgment revoking his supervised release and imposing a thirty-seven-month sentence. Lott asserts that his sentence is plainly unreasonable because he argues that the district court should not have imposed the sentence to run consecutive to his sentence in his illegal re-entry case, allegedly did not apply the relevant 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2013) factors to the specific circumstances of his case, and failed to state in open court the particular reasons for imposing Lott's sentence. Finding no error, we affirm.

In reviewing a sentence imposed after revocation of supervised release, we "take[] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Thus, we will affirm a supervised release revocation sentence if it is not plainly unreasonable. United States v. Thompson, 595 F.3d 544, 546 (4th Cir. 2010). The first step is to determine whether the sentence is unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). Only if the sentence is procedurally or substantively unreasonable will the inquiry proceed to the

second step, which is to determine whether the sentence is plainly unreasonable. Id. at 438-39.

A sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the applicable § 3553(a) factors, Crudup, 461 F.3d at 440, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440.

We find that Lott's thirty-seven-month sentence is reasonable. A review of the record confirms that the district court considered the advisory policy statement range and the applicable § 3553(a) factors, and stated a proper basis for the sentence imposed. See United States v. Rivera-Santana, 668 F.3d 95, 105 (4th Cir.) (recognizing that the Court "will credit an articulation [of the § 3553(a) factors] as 'clear and appropriate,' when the reasons [given by the district court] 'can be matched to a factor appropriate for consideration' and tailored to the defendant's situation") (citation omitted), cert. denied, 133 S. Ct. 274 (2012).

We conclude that the district court's stated rationale for Lott's sentence was adequate.  In this regard, a sentencing court need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007).  Thus, for each sentence, the court "must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) (internal quotation marks and citations omitted).  "This individualized assessment need not be elaborate or lengthy," and the district court must only "provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review."  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009)) (internal quotation marks and citation omitted); see also United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (noting that "[w]hen imposing a sentence within the Guidelines, . . . the explanation need not be elaborate or lengthy").

In this case, the district court made clear its reasons for imposing Lott's sentence and the § 3553(a) factors it found relevant to the sentence.  Moreover, the need for explanation was diminished both by the fact that the district court imposed a within-Guidelines sentence and the fact that the

4

district court was conducting a sentencing on a revocation matter. See Rita, 551 U.S. at 356 ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."); Thompson, 595 F.3d at 547 ("A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence . . . .").

We also reject Lott's assertion that it was error for the district court to refuse to run his revocation sentence concurrent to his sentence in the re-entry case. As stated in the advisory Guidelines policy statements regarding supervised release, sentences for breaches of supervised release are meant to sanction the abuse of the court's trust inherent in those violations, and not to punish the underlying offense conduct. Therefore, these sentences are intended to run consecutively to other sentences. Thus, "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S. Sentencing Guidelines Manual § 7B1.3(f) (2012). Accordingly, we discern no error in the district court's

5

decision to run Lott's revocation sentence consecutive to his sentence in the re-entry case.

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED